IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| GARY SCHUBERT, | : | |
| | : | |
| Plaintiff, | : | CASE NO.  4:09-cv-00167-RP-CFB |
| | : | |
| vs. | : | |
| | : | |
| PFIZER INC., PAUL PLOFCHAN, and | : | ORDER AND |
| MIKE LYNCH, | : | REPORT AND RECOMMENDATION |
| | : | |
| Defendants. | : | |

A discovery hearing in this case was held August 3, 2010.  Based upon discussions with counsel at the hearing, and a review of all the pleadings filed before and after the hearing, the Court FINDS and ORDERS:

1.  This age discrimination case was filed in April 2009.  It is set for Final Pretrial Conference at 9:00 a.m. on February 3, 2011, and for a five-to-seven day Jury Trial on February 14, 2011.  The dispositive motion deadline was August 31, 2010.  Discovery issues have delayed the progress of this case.

2.  The Defendants' Motion for Second Protective Order (Clerk's No. 68) was resolved at the August 3, 2010, hearing.  Plaintiff has withdrawn the subpoenas duces tecum for Kind Hearts Inc., and Olson Auto Group.  No further ruling is required, as this matter is moot.

3.  At the August 3, 2010, hearing, there was further discussion of the items raised in Plaintiff's Motion to Compel (Clerk's No. 62).  I ordered that supplemental discovery be provided in certain circumstances, and through discussions with counsel, by narrowing or recasting the discovery requests, the Motion to Compel was resolved.  No further ruling is

1

required.

      4.  Defendants' Renewed Motion for the Sanction of Dismissal (Clerk's No. 80) is resisted by Plaintiff.  Plaintiff's discovery responses have improved with the appearance of new local counsel.  Defendants still complain that discovery is incomplete, preventing them from proceeding with deposition discovery, further written discovery, and filing a Motion for Summary Judgment.  In Defendants' Renewed Motion for the Sanction of Dismissal, they accurately outline a timeline of Plaintiff's additional discovery violations of the Federal Rules of Civil Procedure, and of orders subsequent to the ruling on the previous Motion for the Sanction of Dismissal.  Overall, Plaintiff's discovery responses could best be described as incomplete.  In some answers, Plaintiff states that no documents exist, in instances where common sense would dictate that the documents requested, such as corporate organization documents or tax returns, do exist.  At each of the numerous and lengthy discovery conferences held in this case, I have tailored a discovery plan based upon discussions with counsel, usually with the result that Plaintiff subsequently submits incomplete material on deadlines of his own choosing, instead of complying with the discovery plan and order.

      Defendants' Renewed Motion for the Sanction of Dismissal was filed July 16, 2010.  Since then, Plaintiff has filed a Resistance (Clerk's No. 84), a Supplemental Report to the Court (Clerk's No. 85), and a Second Supplemental Report to the Court (Clerk's No. 90), which state that all discovery issues have been resolved.  Defendants replied to these reports (Clerk's Nos. 87 and 91), complaining first of the unsolicited reports to the Court, and second, that pending issues have not been resolved, because Plaintiff's counsel have not discussed any document production or supplementation with Defendants' counsel.  Defendants also note that no

additional documents were provided to Defendants after the August 3, 2010, discovery hearing. In the Reply in Support of Defendants' Renewed Motion for the Sanction of Dismissal (Clerk's No. 87), they indicate specific instances where additional discovery demonstrated that Plaintiff's production was incomplete. These deficiencies are outlined in Defendants' Memorandum and timeline in support of Defendants' Renewed Motion for the Sanction of Dismissal (Clerk's No. 80-1). Specifically, some examples that demonstrate Plaintiff's failure to complete discovery as required by Federal Rules of Civil Procedure include:

    1. Interrogatories were not completely answered by April 5, 2010, as required by the Court's Order of March 12, 2010.

    2. Plaintiff has not complied with Federal Rule of Civil Procedure 26 requiring complete initial disclosures.

    3. Plaintiff's counsel attempted to use a process resembling Federal Rule of Civil Procedure 31 depositions by written questions, but did not do so with stipulation of counsel for Defendants; he sent copies of the questions to the deponent in advance. I found that this process was fatally flawed and barred the use of materials gathered from the deponent's "written deposition." *See* Order of June 4, 2010 (Clerk's No. 66).

    4. Plaintiff failed to comply with the March 4, 2010, Order to complete disclosures and discovery responses relating to his financial activities and medical providers. In both instances, Plaintiff provided incomplete and inconsistent information, causing Defendants to expend effort to verify this information, wasting time and resources.

    5. Plaintiff failed to comply with the May 10, 2010, Order for production of his financial information and documents relating to Empire Storage. Specifically, Plaintiff produced a

redacted calendar for January through May 2010. The calendar entries included information for one date that was redacted by Plaintiff's counsel. Schubert then destroyed the original calendar. Although Plaintiff's counsel maintains that there was a work-product privilege related to the redacted calendar entry, no privilege log was produced with the redacted version of the calendar. In reality, there was no privileged communication. Counsel for Plaintiff admitted that the entry contained a rude remark by Plaintiff about Defendants' counsel that Plaintiff preferred not to produce. Plaintiff's destruction of the original exhibit was in violation of Federal Rule of Civil Procedure 26. Plaintiff's counsel never advised Plaintiff of his obligation not to destroy any original documents; counsel assumed Plaintiff would preserve evidence. Schubert is an experienced litigant who should have known of his responsibility to preserve evidence. Good cause was not demonstrated for Plaintiff's failure to produce the unredacted version of the calendar, a privilege log, or the destruction of the original calendar.

6. Instead of complying with the Order of March 12, 2010, relating to identification of medical treatment providers, Plaintiff provided medical waivers, but did not provide a complete list of the names and addresses of his medical providers. Therefore, the medical authorizations were not helpful to Defendants in timely completion of discovery. Plaintiff has since identified the names and addresses of medical treatment providers.

7. In spite of repeated requests from Defendants, and Court Orders, Plaintiff has provided only incomplete information regarding his financial activities or lost wages for 2008, 2009 and 2010.

8. After the May 20, 2010 hearing, due to Plaintiff's and his lead-counsel's woefully inadequate discovery answers, I ordered that local counsel participate in all discovery-related

events, including the meet-and-confer conferences and any discovery hearings.  In light of Plaintiff's and his lead counsel's inability to comply with the Federal Rules of Civil Procedure, I awarded sanctions for fees and costs pursuant to Federal Rule of Civil Procedure 37.  Plaintiff's discovery responses are still incomplete.

      9.  Plaintiff did not comply with the Order of May 20, 2010, which set a deadline of June 1, 2010, to produce additional documents.  Plaintiff did not produce additional documents until July 7, 2010.

      10.  Defendants, found Plaintiff's sworn statement in a different lawsuit in which he stated that he was employed as CEO of Empire Storage.  This contradicts Plaintiff's statement in this case that he has no role at Empire Storage.  Plaintiff has not produced any wage or tax reports from Empire Storage.

      11.  At the hearing held May 20, 2010, in order to narrow a broad production request, I ordered Plaintiff to create certain summary financial statements and produce them by June 1, 2010.  In spite of this Order, Plaintiff did not meet with his accountant until August 2010 to develop this financial information.

      12.  In Plaintiff's Second Supplemental Report (Clerk's No. 90) on outstanding discovery issues, Schubert advises that he is continuing to work on discovery responses, and in the coming "days and weeks," local counsel should be more familiar with the case and can assist with providing supplemental answers.

      The foregoing is a summary of the violations of the Federal Rules of Civil Procedure and of Court orders that Plaintiff has committed in the last several months.  For a listing of Plaintiff's violations of the orders and of Federal Rules of Civil Procedure that occurred during the first 12

months of this litigation, see the Order filed June 4, 2010 (Clerk's No. 66).

In the past six months, Plaintiff has repeatedly failed to comply with the Court's discovery orders and has caused prejudice to the Defendants in the form of additional costs and unnecessary delay. Schubert withheld material that he was required to produce for discovery, altered material before it was produced, and then destroyed the original document. While the particular calendar entry in which Plaintiff excised a portion of his personal comments about defense counsel may not be the lynchpin of this case, it demonstrates Plaintiff's unwillingness and inability to comport with the most basic discovery rules.

Because of the delay Plaintiff has caused this case is still not in a posture to proceed with depositions, in spite of having been filed seventeen months ago. Defendants have incurred a significant amount of additional expense in order to understand the basis for Plaintiff's claim for lost wages, economic damages, and his age discrimination claim. The dispositive motion deadline has passed, and it is not realistic to think that this case could be ready for trial by February 2011, in light of the lack of progress on discovery.

The discovery process has been manipulated by Plaintiff. In response to Plaintiff's inability to produce information and repeated delays, I crafted narrower discovery requests; allowed Plaintiff repeated extensions of time to supplement discovery responses (that yet remain to be completed); expanded deadlines; and provided additional flexibility within those deadlines. Discovery with no end in sight cannot be allowed to continue. This case has not been appropriately prosecuted, and the defense has been prejudiced. *See* Federal Rule of Civil Procedure 41(b). The ends of justice have been frustrated.

In light of Plaintiff's willful violations of Orders, previously sanctioned misconduct, his

ongoing failure to engage fully in the discovery process, and lack of compliance with the Federal Rules of Civil Procedure, IT IS RESPECTFULLY RECOMMENDED that this case be dismissed.

Pursuant to Federal Rules of Civil Procedure 16, 26, and 37, Plaintiff Gary Schubert shall pay Defendants the amount of their fees and costs involved in bringing the renewed Motion for Sanctions (Clerk's No. 80). By **September 30, 2010,** Defendants shall submit a statement of fees and costs from May 20, 2010, through September 30, 2010, relating to the additional extraordinary discovery expense due to Plaintiff's failure to comply with the Court's orders and with Federal Rules of Civil Procedure.

IT IS ORDERED that the parties have until **September 30, 2010**, to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990); *Wade for Robinson v. Callahan*, 976 F. Supp. 1269, 1276 (E.D. Mo. 1997). The Court will freely grant such extensions. Any objections filed must identify the specific portion of the Report and Recommendation and relevant portions of the record to which the objections are made and must set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993); *Thompson*, 897 F.2d at 357.

IT IS SO ORDERED.

Dated this 10th day of September, 2010.

_____
CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE